UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESBIA JESENIA LEIVA FLORES, <br><br> Petitioner, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Respondents. | Case No. 25-cv-09302-AMO <br><br> **ORDER RE PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Re: Dkt. No. 1 |

Before the Court is Petitioner Lesbia Jesenia Leiva Flores's petition for a writ of habeas corpus. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court rules as follows.

Petitioner filed a petition for a writ of habeas corpus, Dkt. No. 1, and a motion for a temporary restraining order ("TRO"), Dkt. No. 3, on October 29, 2026. The same day, the Court granted Petitioner's motion for a TRO. Dkt. No. 4. The Court ordered Respondents Sergio Albarran, Todd Lyons, Kristi Noem, and Pamela Bondi to show cause why a preliminary injunction should not issue. *Id.* at 5-6. On November 7, 2025, Respondents filed a response to the order to show cause. Dkt. No. 10. Petitioner filed a reply in support of a preliminary injunction on November 11, 2025. Dkt. No. 11. On November 19, 2025, the Court granted Petitioner's motion for a preliminary injunction. Dkt. No. 14.

On February 18, 2026, Respondents filed an abbreviated return in response to Petitioner's petition for a writ of habeas corpus. Dkt. No. 18. Respondents explained that their argument at this stage is consistent with what they presented at the preliminary injunction stage – they contend that Petitioner is subject to mandatory detention pursuant to Title 8 U.S.C. section 1225(b)(2). *Id.* at 1-2. Respondents also "acknowledge[d] that this Court reached the opposite conclusion in its

order granting Petitioner's motion for preliminary injunction" and ultimately, "Respondents acknowledge that the reasoning in this Court's earlier decision in this case . . . would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention.  Thus, while Respondents do not consent to issuance of the writ and reserve all rights, including the right to appeal, Respondents hereby rely upon, and incorporate by reference, the legal arguments it presented in opposition to Petitioner's motion for preliminary injunction[.]" *Id.* at 3-4.

Because Respondents have not provided the Court with further argument, the Court incorporates its order on Petitioner's preliminary injunction, Dkt. No. 14, here.  For the reasons stated in that order, the Court GRANTS Petitioner's writ and rules as follows.  The Government may not re-detain Petitioner without providing her with a pre-detention bond hearing before a neutral immigration judge.  Further, Petitioner may not be detained unless the Government demonstrates at such a bond hearing, by clear and convincing evidence, that she is a flight risk or a danger to the community and that no conditions other than her detention would be sufficient to prevent such harms.  Judgment will be entered in favor of Petitioner separately pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

Dated: June 18, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

2